**Nancy RITTER, Plaintiff,**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.**

**Civ. A. No. C81–1122A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

May 11, 1982.

Andrew R. Kirschner, Turem, Bedford & Kirschner, Atlanta, Ga., for plaintiff.

Ben Kingree, Carter, Ansley, Smith & McLendon, Atlanta, Ga., for defendant.

## ORDER

SHOOB, District Judge.

This suit on a life insurance contract was originally filed in Fulton County Superior Court. On June 10, 1981, the case was removed to this Court. The basis of this Court's jurisdiction is diversity of citizenship, and there is no question regarding the Court's jurisdiction.

The parties have filed cross-motions in limine which call into question the effect to be given an order of a probate court establishing a legal presumption of death. Ga. Code Ann. § 113–2601 et seq. Defendant The Prudential Insurance Company of America moves the Court for an order preventing plaintiff from introducing any testimony or documentary evidence (including court orders) which relate to plaintiff's proceeding in Fayette County Probate Court to establish such a presumption as to her husband. Plaintiff, on the other hand, seeks an order from the Court precluding defendant from introducing before the jury in this case any evidence defendant had at the time of the probate court proceeding which tends to show that plaintiff's husband may still be alive. Plaintiff's theory is that de-

fendant is estopped to do so. Plaintiff asks the Court to bar defendant from referring to any of the following issues:

(a) Weather conditions on Mr. Ritter's route of flight.

(b) "Deteriorating personal financial condition of Mr. Ritter."

(c) "Mr. Ritter did not have a faithful marriage relationship with Mrs. Ritter."

(d) "Mr. Ritter and his associates [unnamed] were engaged in drug smuggling and that [other] individuals engaged in drug smuggling often voluntarily disappear, as do their instruments of transportation, when circumstances or activities might dictate in the interest of personal safety and/or flight from law enforcement inquiries."

(e) "Mr. Ritter's travel activities prior to October 27, 1979."

(f) "The travel plans and activities of the parties in question who were involved in the trip to Jamaica."

(g) "The secretive and mysterious nature of Mr. Ritter's business dealings."

Plaintiff's legal contentions are based on the procedure for obtaining an order establishing a presumption of death. The procedure is as follows.

...[W]hen any resident of this State may be missing from his usual place of abode for a period of not less than one year. and it shall appear by a preponderance of the evidence that said person is dead, letters of administration may also be applied for; and if the judge of the probate court of the county in which the estate of such person could be administered were the supposed decedent known to be dead is satisfied that the applicant would be entitled thereto were such supposed decedent known to be dead, he shall order a notice to be published in a newspaper having a general circulation in such county once a week for four weeks giving notice that on a day stated, which must be at least two weeks after the last publication, evidence would be heard by the court concerning the alleged absence of the supposed decedent, and the circumstances and duration thereof: Provided, however, before let-

ters of administration or letters testamentary shall be granted on the estate of any person on account of absence for less than seven years, evidence of death, by a preponderance of the evidence, must be presented to the probate judge.

Ga. Code Ann. § 113–2601. Further,

At the hearing the judge of the probate court shall hear such evidence as shall be offered, for the purpose of ascertaining whether a presumption of death is established, and no person shall be disqualified to testify by reason of his relationship as husband or wife to the supposed decedent or of his interest in the estate of the person believed to be dead.

Ga.Code Ann. § 113–2602. Finally, Ga. Code Ann. § 113–2603 provides for orders establishing a presumption of death.

If satisfied, upon the hearing, that a legal presumption of death is established, the judge of the probate court shall issue an order to that effect, and shall forthwith cause notice thereof to be published once a week for four consecutive weeks in a newspaper having general circulation in said county, as well as in a newspaper having general circulation in the place where the supposed decedent was last heard from, if such place is not within said county. Said notice shall require the supposed decedent, if alive, or any person for him, to produce within three months from the date of its first insertion, satisfactory evidence of his continuance in life.

Such an order establishing a presumption of death as to plaintiff's husband was entered by the Probate Court of Fayette County on January 12, 1981. Plaintiff contends that the final sentence of Ga.Code Ann. § 113–2603, in light of defendant's actual notice and knowledge of the proceeding, gives the order preclusive effect; and that defendant is estopped or barred by the judgment from asserting any facts it had knowledge of at the time of the probate proceeding.

Defendant, on the other hand, argues that the order establishing the presumption should have no effect, since Prudential was not a party to the proceeding and was not

obliged to participate. Defendant further contends that evidence relating to the probate proceeding is inadmissible.[1] Defendant relies on the rebuttable presumption of law of "continuance of life for seven years," embodied in Ga.Code Ann. § 38–118. *See also* Ga.Code Ann. § 38–113.

The contentions of both plaintiff and defendant miss the mark, because they overlook the nature of the probate court order: it establishes a *presumption.* "Presumptions are either of law or of fact. The former are conclusions and inferences which the law draws from given facts. The latter are exclusively questions for the jury, to be decided by the ordinary test of human experience." Ga.Code Ann. § 38–113. Two reasons lead the Court to conclude that a presumption of death is one of law, not fact. First, the presumption is determined by a probate court judge, not a jury. Second, since the presumption of continuing life is one of law, it is reasonable to conclude that a presumption of death is likewise one of law.

A second question concerning this presumption is whether it is rebuttable or conclusive. *See* Ga.Code Ann. § 38–114. This question is answered both by the nature of the proceeding and by the statute itself. *See* Ga.Code Ann. § 113–2605. The presumption may be rebutted.

Accordingly, the order establishing a presumption of death as to plaintiff's husband and the evidence which led the probate court to issue the order shall be admissible in this Court if properly authenticated. Such evidence shall raise a rebuttable presumption of death in this action.[2]

Fed.R.Evid. 302 provides that in civil cases in federal courts, "the effect of a presumption respecting a fact which is an element of a claim or defense as to which State law supplies the rule of decision is determined in accordance with State law." What proof is required to rebut a presumption of law is set out in Ga.Code Ann. § 38–118 and cases cited thereunder. *See also* discussion at 11 *Encyclopedia of Georgia Law*, Evidence § 134 (1979). The admissibility of evidence offered by defendant to rebut the presumption shall be considered by the Court in accordance with Article IV of the Federal Rules of Evidence, and particularly Rule 403,[3] and with Article VIII on Hearsay.

In sum, plaintiff's motion in limine is GRANTED in part; defendant's cross-motion is DENIED. Upon proper authentication and introduction into evidence, the record of proceedings in Fayette County Probate Court, including the order of January 12, 1981, shall raise a presumption of law in favor of Mr. Ritter's death. Plaintiff may, of course, introduce other evidence probative of Mr. Ritter's death. Defendant may rebut the presumption with any relevant, material evidence admissible under the Federal Rules of Evidence.

---

1. Defendant contends that the order of the probate court is "not relevant or material evidence with respect to any issues in the case...." This contention is entirely wanting in merit.

2. Under these facts, the presumption established in Ga.Code Ann. § 38–118 that life continues for seven years must give way. A common sense reading of the statutes requires such a result. Under the Court's ruling, defendant will not be entitled to a jury charge on the presumption that life continues.

3. As this Court understands it, the issue for the jury is whether plaintiff has made sufficient proof of her husband's death to satisfy the terms of the insurance policy. Probative evidence of Mr. Ritter's alleged drug dealings will be admissible only insofar as it bears on Mr. Ritter's continuance in life. The Court will not permit defendant to put before the jury highly prejudicial evidence tending to show Mr. Ritter's involvement with drugs or unfaithfulness to plaintiff unless the standard of Fed.R.Evid. 403 is met.